IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ANDREW ESTEFAN VALLE-ACOSTA, Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE ORDER OF DETENTION<br><br>Case No. 2:25-CR-342-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Andrew Estefan Valle-Acosta's Motion for Review of Detention by District Judge.[1] For the reasons described herein, the Court affirms the ruling of the Magistrate Judge and orders Defendant detained.

I.  BACKGROUND

Defendant is charged as one of two defendants in a one-count Indictment for Possession with Intent to Distribute Fentanyl in violation of 18 U.S.C. § 841(a)(1).[2] Magistrate Judge Dustin Pead conducted a detention hearing on September 9, 2025, based on the charges alleged in the Complaint,[3] and determined Defendant should be detained.[4] On September 22, 2025, Defendant filed his Motion for Review of Detention by District Judge. The Court conducted a hearing on the Motion on September 30, 2025.

---

[1] Docket No. 44.
[2] Docket No. 32.
[3] Docket No. 1.
[4] Docket No. 19.

## II.  STANDARD OF REVIEW

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-10. The Court conducts a de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[5] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and may also incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[6]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[7]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."

---

[5] DUCrimR 57-10(b) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[6] *Lutz*, 207 F. Supp. 2d at 1251.

[7] 18 U.S.C. § 3142(e).

In this case, Defendant is charged with one count of violating the Controlled Substances Act, punishable under 21 U.S.C. § 841(a)(1), which carries a maximum term of life imprisonment. The Indictment constitutes probable cause that Defendant participated in the acts alleged.[8] Therefore, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[9]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight or unlikelihood of abiding by conditions of release by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[10] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

[8] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[9] *Id.* at 1354–55.

[10] *Cisneros*, 328 F.3d at 616; *United States v. Poinsett*, 953 F. Supp. 37, 38 (N.D.N.Y. 1997) ("[T]he United States must next establish by a preponderance of the evidence that the defendant is unlikely to abide by the conditions of his release in the future.").

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[11]

## III.  DISCUSSION

In support of his release, Defendant points to his limited criminal history—which does not include violent conduct—his United States citizenship, and his support system in Utah—which includes his girlfriend and his girlfriend's family who were present at both the September 9 and September 30 hearings. Defendant further represents that his girlfriend is pregnant with his first child. Finally, Defendant represented that his girlfriend's sister will allow him to stay with her, if released.

Based on these representations, the Court finds Defendant has met his burden of production to rebut the presumption of detention. Thus, the burden remains with the government to prove risk of flight or dangerousness. However, the presumption remains a factor.

First, the Court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance. Here, Defendant is charged with possession of fentanyl with intent to distribute. At the September 30 hearing, the government represented that, in the course of its investigation into suspected drug trafficking activities, officers conducted a controlled buy of fentanyl pills, during which Defendant sold an amount of fentanyl to the buyer. Officers subsequently placed a GPS location tracker on the vehicle Defendant drove to the controlled buy. After observing the location activity reported by the GPS tracker, officers identified the address of a residence that they believed to be a "stash house." The officers then obtained and executed a search warrant for that residence. Both Defendant and his co-defendant were found in the residence during the search and were arrested. At the time of arrest, Defendant

---

[11] 18 U.S.C. § 3142(g).

had 200 fentanyl pills on his person and informed officers that they would find additional pills in the residence. Officers then located roughly 97,000 fentanyl pills inside the residence. The possession and distribution of fentanyl is a serious offense, which weighs in favor of detention.

Second, the Court considers the weight of the evidence. The Indictment provides probable cause that Defendant committed the charged offense. Further, as described above, the evidence proffered by the government, including Defendant's admission to involvement, is strong. Therefore, the weight of the evidence favors detention.

Third, the Court considers the history and characteristics of the person. Defendant was born in Louisiana in 2006 and lived there until he was approximately five years old. He then moved to Honduras where he lived with his mother and younger brother until he was 18 years old. At age 18 he returned to the United States. His mother and brother still live in Honduras, and he maintains a close relationship with them. Since his relocation to Utah—about 18 months ago—he began a relationship with his girlfriend, who is pregnant with their first child. Defendant's girlfriend and her family appear to be supportive of him. Defendant represents he has been working on-and-off in construction while in the United States. Defendant does not appear to have substance abuse issues and has a very limited criminal history, which consists of only one misdemeanor charge. This factor, while somewhat neutral, tips slightly in favor of detention given his significant ties to a foreign country.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. At the September 30 hearing, the government noted its concern with the large amount of fentanyl pills in Defendant's possession, suggesting he has the ability to obtain large amounts of fentanyl for redistribution in the community if released.

Based on the Court's analysis of these considerations, the Court find that the government has met its burden to demonstrate, by a preponderance of the evidence, that Defendant poses an unmanageable flight risk. The Court appreciates that Defendant has a limited criminal history, did not resist arrest, is not in possession of his passport, and is expecting his first child with his girlfriend who lives in Utah. However, the Court is particularly concerned with Defendant's significant and longstanding ties to Honduras, where his family resides and where he has built much of his life. This, in concert with the evidence that Defendant has been in the United States and in a relationship with his girlfriend a relatively short time; that he does not have a consistent and legitimate work history in the United States; and that he faces a significant sentence if convicted of the allegations, demonstrates to the Court by a preponderance of the evidence that there are no conditions of release that would reasonably alleviate Defendant's risk of flight. The Court will therefore affirm the Magistrate Judge's order of detention.

## IV.  CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Order of Detention (Docket No. 19) is AFFIRMED. It is further

ORDERED that Defendant's Motion for Review of Detention (Docket No. 44) is DENIED.

DATED this 1st day of October, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge